**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID DEPUTY, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AKEBIA THERAPEUTICS, INC., JOHN P. BUTLER, DAVID A. SPELLMAN, and JASON A. AMELLO,<br><br>    Defendants. | Case No.: 1:22-cv-01411-AMD-VMS<br><br>Hon. Ann M. Donnelly |

**MEMORANDUM OF LAW IN SUPPORT OF JOSEPH R. GORSKI'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

# TABLE OF CONTENTS

**Page**

I.  FACTUAL BACKGROUND ............................................................................................. 2

II.  PROCEDURAL HISTORY ............................................................................................. 3

III.  ARGUMENT .................................................................................................................... 3

    A.  Appointing Movant as Lead Plaintiff Is Appropriate ......................................... 3

        1.  Movant Filed a Timely Motion. ............................................................... 4

        2.  Movant Has the Largest Financial Interest in the Relief Sought. ............. 5

        3.  Movant Satisfies the Relevant Requirements of Rule 23. ......................... 6

            a.  Movant's Claims Are Typical. ........................................................... 6

            b.  Movant Is An Adequate Representative. ............................................ 7

    B.  Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ....................... 8

IV.  CONCLUSION ................................................................................................................ 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
 324 F. Supp. 3d 335 (E.D.N.Y. 2018) ............................................................................... 4, 5

*In re Cendant Corp.*,
 264 F.3d 201 (3d Cir. 2001)................................................................................................... 8

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
 269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................... 7

*In re Coinbase Global Securities Litigation,*
 No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ............................................ 8

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
 2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) ............................................................... 8

*Deinnocentis v. Dropbox, Inc.,*
 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)......................................................... 9

*Ford v. VOXX Int'l Corp.,*
 No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015).............. 6

*In re Gentiva Sec. Litig.,*
 281 F.R.D. 108 (E.D.N.Y. 2012) ........................................................................................... 6

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
 No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) .................................. 6

*Malriat v. Quantumscape Corp.*,
 2021 U.S. Dist. LEXIS 76914 (N.D. Cal. April 20, 2021) ..................................................... 8

*Nickerson v. American Electric Power Company, Inc., et al.,*
 No. 2:20-cv-04243-SDM-EPD, (S.D. Ohio Nov. 24, 2020) .................................................. 9

*Snyder v. Baozun Inc.,*
 2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020)...................................................... 9

*Subramanian v. Watford, et. al.*,
 2021 U.S. Dist. LEXIS 81823 (D. Colo. April 29, 2021)....................................................... 8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
 No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011).................. 7

*White Pine Invs. v. CVR Ref.,*
 2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021)........................................................... 8

*Xiangdong Chen v. X Fin.,*
No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292 (E.D.N.Y. May 13, 2020)......... 5

**Statutes**

15 U.S.C. § 78u-4 ...................................................................................................... *passim*

**Rules**

FED. R. CIV. P. 23.................................................................................................. 1, 4, 6

Joseph R. Gorski, individually and as Trustee of the Joseph R Gorski Revocable Trust UAD 07/12/2002 ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff in the above-captioned action (the "Action") and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired Akebia Therapeutics, Inc. ("Akebia" or the "Company") securities between June 28, 2018 and September 2, 2020, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants Akebia, John P. Butler ("Butler"), David A. Spellman ("Spellman"), and Jason A. Amello ("Amello"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi

& Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

Akebia is a biopharmaceutical company that focuses on the development and commercialization of renal therapeutics for patients with kidney diseases. ¶ 2. The Company's lead investigational product candidate is vadadustat, an oral therapy, which is in Phase 3 development for the treatment of anemia due to chronic kidney disease ("CKD") in dialysis-dependent and non-dialysis dependent ("NDD") adult patients. *Id.*

The Company's Phase 3 clinical programs for vadadustat include, among others, the PRO2TECT program in NDD-CKD patients with anemia (the "PRO2TECT Program"). ¶ 3. The PRO2TECT Program's primary safety endpoint was defined as non-inferiority of vadadustat versus darbepoetin alfa in time to first occurrence of major adverse cardiovascular events ("MACE"). *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) vadadustat was not as safe in treating NDD-CKD patients with anemia as Defendants had represented; (ii) as a result, Defendants overstated the PRO2TECT Program's clinical prospects; (iii) accordingly, Defendants also overstated vadadustat's overall commercial and regulatory prospects; and (iv) as a result, the

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Deputy* Complaint") filed in the action styled *Deputy v. Akebia Therapeutics, Inc., et. al.,* Case No. 1:22-cv-01411-AMD-VMS (the "*Deputy* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Deputy* Complaint. The facts set forth in the *Deputy* Complaint are incorporated herein by reference.

Company's public statements were materially false and misleading at all relevant times. *Id.*

Akebia issued a press release on September 3, 2020 announcing "top-line results" from the PRO2TECT Program, disclosing that "[v]adadustat did not meet the primary safety endpoint of the PRO2TECT program, defined as non-inferiority of vadadustat versus darbepoetin alfa in time to first occurrence of [MACE.]" ¶ 5.

In response to this news, the Company's common stock price declined 73.5%, or $7.35 per share, to close on September 3, 2020 at $2.65 per share. ¶ 6.

## II.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Deputy* Action against the Defendants. Plaintiff David Deputy ("Deputy") commenced the first-filed action on March 14, 2022. On that same day, counsel acting on Deputy's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

## III.   ARGUMENT

### A.   Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

3

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $ 1,002,460.39 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1. Movant Filed a Timely Motion.

On March 14, 2022, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Deputy published the Press Release on *Globe Newswire* —a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Akebia securities that they had 60 days from the publication of the

4

March 14, 2022 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Xiangdong Chen v. X Fin.,* No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292, at \*6 (E.D.N.Y. May 13, 2020) (finding that a notice published on Globe Newswire satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the March 14, 2022 Press Release and submitted herewith a sworn certification attaching his transactions in Akebia securities and attesting that he is willing to serve as representative of the Class[2]. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.   Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Akebia securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $ 1,002,460.39. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in

---

[2] Movant also provided transactions for, and represents, the Barbara J Jones Living Trust UAD 06/06/2002 ("Jones Trust"). The trustee of the Jones Trust. Barbara J. Jones, (whom is also Movant's significant other), assigned Movant all rights, title, and interest in any and all claims, demands, and causes of action of any kind whatsoever arising from violations under the federal securities laws of the United States of America in connection with the purchase/acquisition of Akebia Therapeutics, Inc. securities. *See* Assignment, Ex. A to Apton Decl.

this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.    Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id.* at *6.

### a.    Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg.*

6

*Co.*, No. 1:08-cv-7281-JFK, 2008 WL 4974839, at \*5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Akebia's business, operations, and prospects violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Akebia securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at \*12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.      Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for over thirty-five years. He resides in Rolling Prairie, Indiana, and possess a high school diploma. Movant is currently the owner of several farms that he works

7

on as a farmer. Further, Movant has experience overseeing attorneys, as he has hired attorneys for routine business matters regarding various farm contracts. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.  Accordingly, Movant meets the adequacy requirement of Rule 23.

## B.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914, at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021

U.S. Dist. LEXIS 1199, at \*10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at \*13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at \*11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations"; *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: May 13, 2022                                                Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

9